**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 21-10036-02-EFM

CRYSTAL DUNCAN,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Crystal Duncan's letter to the Court which the Court construes as a Motion to Reduce Sentence (Doc. 75). She contends that she is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On April 12, 2022, Defendant pleaded guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The government agreed to recommend that Defendant be sentenced to 120 months' imprisonment in exchange for her guilty plea. On July 27, 2022, the Court sentenced Defendant to 120 months' imprisonment. On January 10, 2024, Defendant submitted a letter to the Court requesting a reduction in sentence.

Defendant states that her sentence should be reduced because she is eligible for a two-point reduction under Part A of Amendment 821 of the revised sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file her own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4] Relevant to the facts in this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[5]

Defendant is correct that she qualifies for a reduction in her criminal history score. Instead of receiving two points because she committed the instant crime under a criminal justice sentence,

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited April 2, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] U.S.S.G. § 4A1.1.

she would not receive any additional points.[6] Thus, under the amended guidelines, her criminal history points would drop from five to three and her Criminal History Category would drop from III to II. Based on an adjusted Criminal History Category of II and a total offense level of 33, her guideline sentence would decrease from 168-210 months to 151-188 months.

Defendant, however, is still not entitled to a reduction. She was sentenced to 120 months' imprisonment, which is 31 months below the amended guideline range. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may only reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." And U.S.S.G. § 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Because Defendant's 120-month sentence is already lower than the amended minimum guideline range, Defendant is not eligible for a sentence reduction. Accordingly, the Court dismisses Defendant's motion.[7]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 75) is **DISMISSED**.

---

[6] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections). Under the amended guidelines, Defendant would only have three points from the previous subsections, and thus she would not receive an additional point for committing the offense while under a criminal justice sentence.

[7] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS SO ORDERED**.

Dated this 4th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE